

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-90,298-01

**EX PARTE JUSTIN WADE SMITH, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 10-2531-CR-A IN THE SECOND 25TH DISTRICT COURT
### FROM GUADALUPE COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of continuous sexual abuse of a child and sentenced to forty years' imprisonment without the possibility of parole. The Fourth Court of Appeals affirmed the conviction. *Smith v. State*, No. 04-12-00213-CR, 397 S.W.3d 765 (Tex. App.—San Antonio 2013).

In his habeas application, Applicant raised many claims, and this Court remanded to the trial court several claims that alleged ineffective assistance of counsel. *Strickland v. Washington*, 466

U.S. 668 (1984). On remand, the trial court supplemented the habeas record with affidavits and findings and recommends that this Court deny habeas relief. This Court is unconvinced that the record supports the findings and recommendation. Under the facts of Applicant's case, it appears that the evidence Applicant presents in habeas would have supported counsel's strategy to "emphasize[] the inconsistencies in the stories told by the State's witnesses, the long passage of time before an outcry was made by the alleged victim, and the motivations of the State's witnesses to make a false accusation of sexual abuse," but counsel did not discover and present it.

Counsel says, "I do not have any memory of [Applicant] alerting me to the existence of any records that would have refuted the State's case." Counsel does not indicate why he would not have obtained the records if told of them, other than to say that they perhaps may not have been relevant, and counsel does not indicate whether he asked Applicant his whereabouts during the approximate 4½ month period alleged in the indictment's on-or-about range. In these circumstances, additional facts are needed.

As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall conduct a live evidentiary hearing regarding Applicant's claims that trial counsel was ineffective in his investigation of the case and in his representation of Applicant at trial. Before doing so, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make additional findings of fact and conclusions of law regarding

Applicant's ineffective assistance of trial counsel claims, including findings regarding whether trial counsel should have discovered the evidence Applicant presents in habeas and whether counsel should have presented this evidence at trial. *Strickland*, *supra*. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: January 27, 2021
Do not publish